IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
) No. 72102-0-I
Respondent, )
) DIVISION ONE
v. )
)
ALAN JAMES SINCLAIR, II, ) UNPUBLISHED OPINION
)
Appellant. ) FILED: December 7, 2015
_____ )

BECKER, J. — Appellant, convicted of sexually abusing his granddaughter, contends the trial court improperly admitted a recording of an incriminating communication obtained without the consent of the participants in the communication. The recording resulted from an inadvertent "pocket dial" from appellant's cell phone that went to the recipient's voice mail. Finding that any statutory violation was harmless, we affirm.

A jury found appellant Alan Sinclair guilty of two counts of second degree rape of a child, two counts of third degree child molestation, and one misdemeanor count of communication with a minor for immoral purposes. All charges arose from Sinclair's sexual abuse of his granddaughter. According to her testimony at trial, Sinclair began kissing her "tongue to tongue" when she was 11 or 12 years old and progressed to oral sex when she was 13 or 14.

The recording at issue occurred one afternoon when the granddaughter was home alone and Sinclair was visiting her. The granddaughter testified that

Sinclair kissed her "tongue to tongue" and then she and Sinclair went outside and continued a conversation. During the conversation, Sinclair unintentionally dialed the girl's mother with his cell phone. The mother did not answer. Her cell phone transferred the call to voice mail. The voice mail system recorded Sinclair saying, "I love that tongue. . . . I don't know if you love mine." The conversation continued with Sinclair making veiled threats that his dead ancestors would inflict physical injury on the girl for not being "nice." The mother later listened to the voice mail recording on her phone and heard the conversation. This led to the filing of the criminal charges against Sinclair.

Sinclair moved to suppress the voice mail under the Washington privacy act, chapter 9.73 RCW. The privacy act makes it unlawful for any "individual" to record any private conversation "without first obtaining the consent of all the persons engaged in the conversation." RCW 9.73.030(1)(b). There is an exception for conversations "which convey threats," which "may be recorded with the consent of one party to the conversation." RCW 9.73.030(2). Neither Sinclair nor his granddaughter consented to the recording.

Sinclair contends the lack of consent made the recording inadmissible at trial. The trial court considered a number of issues in connection with Sinclair's motion to suppress. Was the conversation private? Did an "individual" record it? Does an individual incur criminal liability for an inadvertent recording, or must someone be acting with a criminal mens rea to engage the prohibitions of the act? It was undisputed that the call was made inadvertently. The trial court

denied the motion to suppress, concluding the privacy act did not apply because of "the absence of any unlawful act by anybody."

The issues are interesting and novel. But we conclude it is unnecessary to resolve them in this case because any error was harmless. We refrain from attempting a "definitive construction" of the statute in a case involving somewhat "bizarre" facts. State v. Smith, 85 Wn.2d 840, 846, 540 P.2d 424 (1975).

Admission of evidence in violation of the privacy act is a statutory violation, not a constitutional one. An error is not prejudicial unless the erroneous admission of the evidence materially affected the outcome of the trial. State v. Courtney, 137 Wn. App. 376, 383-84, 153 P.3d 238 (2007), review denied, 163 Wn.2d 1010 (2008). Here, there is no reasonable probability that the outcome of Sinclair's trial would have been different if the recording of the pocket-dialed voice mail had been excluded.

The granddaughter's testimony at trial provided independent, unchallenged evidence of the contents of the inadvertently recorded conversation. Her account was corroborated by sexually explicit photographs and a video seized from Sinclair's cell phone and computer. During his closing, Sinclair admitted guilt as to the charges of child molestation in the third degree and communicating with a minor for immoral purposes. The only charges Sinclair disputed were the two counts of second degree child rape. He argued that the State presented insufficient evidence to prove that he engaged in sexual intercourse with the girl before her 14th birthday. He does not make this argument on appeal.

It is unlikely that the jury's verdict of guilt on the two disputed counts was affected by the admission of the recorded conversation. There was no allusion in that conversation either to sexual intercourse or to the age of the granddaughter. Assuming the recording to be inadmissible, we conclude Sinclair has not shown that the error materially affected the outcome at trial.

Affirmed.

_Becker, J._

WE CONCUR:

_Leach, J._

_Dwyer, J._

4